Richard S. Heller, J.
This claim arose from an automobile accident which occurred at about 11:30 p.m. on May 22, 1957. Claimant, a licensed driver, was riding as a passenger in the front seat of her 1953 Buick. The car was being operated by Joseph Bichard Lewis who held a New York State learner’s permit issued on April 5, 1957. Lewis and the claimant were engaged to be married.
On the evening of May 22, 1957, they left Ithaca, New York, at about 10:30 p.m. for a ride and proceeded south on Boute 96B. Boute 96B is a State highway and is the main artery between Ithaca on the north and Owego on the south. Going south from Ithaca, the claimant’s car passed through the hamlet of Danby where a stop was made to purchase cigarettes. It then continued south and about three or four miles south of Danby it went down a hill known as Sprague’s Hill. From the top of the hill to a bridge over a small stream at the foot of the hill, was approximately 2,000 feet.
In this area, Boute 96B was a blacktop highway about 18 feet in width. Proceeding south from the top of Sprague’s Hill, the road curved about four and one-half degrees to the right, then entered a tangent of a little less than 300 feet, then curved six degrees to the left followed by a tangent which included the bridge, and then curved five degrees to the right. At the top of Sprague’s Hill there was a reflectorized slow sign.
The construction plans for the road as it existed in 1957 were prepared in 1912 and the road was completed within a few years thereafter. On May 22, 1957, the State commenced the resurfacing of this highway by the application of stone and oil. The work was started at the Tioga County line and proceeded northerly toward Danby with the application of oil and stone to the northbound traffic lane. On that day, work was interrupted by rain at a point about a mile and a half north of Sprague’s Hill. No work was done on the southbound lane but from the end of the work to the bridge at the foot of Sprague’s Hill there was some loose gravel in the southbound lane. All of the work of resurfacing was carried out in accordance with the State’s usual methods and with prescribed materials.
Prior to the commencement of the work and on May 22, 1957, a four feet by four feet sign with two flares was placed at about the northerly limit of the work to be done in Danby about eight feet west of the road and facing southbound traffic reading “ Caution Boad Oiled Ahead.” This sign was three or three *1083 and a quarter miles north of the scene of the accident. About a mile and a tenth north of the accident scene, there was a small sign 26 inches or 28 inches by 16 inches reading “Highway Recently Oiled, Drive with Care ” on the shoulder of the southbound lane two or three feet from the pavement. Some 1,000 or 1,500 feet to the south at an intersecting road, there was another similar small sign. This was about 4,000 feet north of the place of the accident.
The claimant’s automobile operated by Mr. Lewis descended Sprague’s Hill and failed to follow the road over the bridge striking the northerly end of the westerly side of the concrete bridge. The car came to rest in at least two distinct sections partially in the creek and on the south bank of the creek.
Mr. Lewis died as a result of his injuries and the claimant suffered severe and extensive injuries. She seeks recovery here for these injuries asserting that such injuries resulted from the negligence of the State in improper construction and maintenance of the highway, inadequate warning of an unsafe and dangerous condition and freedom from contributory negligence by her, conceding that any negligence on the part of the driver is imputable to her. Claimant contends that the burden of proof of the deceased driver’s negligence vested on the State and that it was not a part of her case to establish his freedom from negligence.
It is the obligation of the State to construct and maintain its highways in a reasonably safe condition and a highway ‘ ‘ may be said to be reasonably safe when people who exercise ordinary care can and do travel over it safely.” (Boyce Motor Lines v. State of New York, 280 App. Div. 693, 696.) Here there is no evidence of unreasonable danger to users of the highway by reason of the construction. The only possible basis for negligence by the State lies in the method by which it carried out its obligation to repair the highway.
If the presence of loose gravel in the southbound lane created an unreasonably dangerous condition of which the State failed to give adequate warning and this was the proximate cause of the injury, then the State must answer in damages. But the claimant has failed to show that such was the ease. This highway was travelled safely by numerous people under conditions essentially identical to those existing at the time of the accident. It was successfully travelled at extraordinarily high rates of speed by experienced drivers.
There were adequate signs of the danger to be apprehended and the condition of gravel in the southbound lane was readily apparent to any experienced driver visually and by sound for at *1084 least a mile prior to the accident. The presence of some loose gravel in the course of carrying out their obligations cannot constitute negligence especially where, as here, the State gives adequate warning of the condition and the condition itself is readily apparent to a reasonably careful driver.
Since the claimant has failed to establish any negligence on the part of the State, the claim must be dismissed and it is not necessary to consider the question of contributory negligence. From the standpoint of proof, however, it is the opinion of this court that it was incumbent upon the claimant to prove not only the negligence of the State but also her own freedom from contributory negligence which here included the freedom of the driver from negligence. (Gochee v. Wagner, 257 N. Y. 344.)
The motion of the State made at the conclusion of the trial on which decision was reserved to dismiss on the ground of a failure to prove negligence on the part of the State is granted and the claim is dismissed.