■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN SEYMORE, Appellant.— Order, entered on January 31, 1962, unanimously affirmed. No opinion. Concur — Rabin, J. P., McNally, Stevens, Eager and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK CIAPPETTA, Appellant.— Order, entered on April 18, 1960, unanimously affirmed. No opinion. Concur — Rabin, J. P., McNally, Stevens, Eager and Bergan, JJ.

■ In the Matter of the Arbitration between NORMA BRILL, Respondent, and MULLER BROTHERS, INC., Appellant.— Order, entered on June 20, 1962, granting petitioner's application to vacate an award in arbitration, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion denied. Special Term, in vacating the award, concluded that the receipt in evidence of the detective agency report disparaging the character of the petitioner resulted in a procuring of the award by "undue means" (Civ. Prac. Act, § 1462, subd. 1) and constituted prejudicial misconduct on the part of the arbitrator (Civ. Prac. Act, § 1462, subd. 3). While the receipt of the report may have been unwise we conclude that it does not constitute a ground for vacatur of the award. The powers of the court to vacate an award are expressly limited by the statutes (Matter of French Textiles Co. [Senor], 7 A D 2d 896) and we may not expand such powers. As stated by Special Term, the law does permit us to vacate an award where it was obtained by undue means or by reason of prejudicial misconduct on the part of the arbitrator. However, the receipt by the arbitrator of evidence, improper in a court of law, does not mean that the award was procured by "undue means" nor that the arbitrator was guilty of prejudicial misconduct within the statute. The agency report having been admitted into evidence by the arbitrator with the full knowledge of the petitioner, the propriety of such admission, even if contrary to our rules of evidence, is not for the courts to review. (See Matter of Spectrum Fabrics Corp. [Main Street Fashion], 285 App. Div. 710, 714, affd. 309 N. Y. 709; Matter of Spring Cotton Mills [Buster Boy Suit Co.], 275 App. Div. 196, 200, affd. 300 N. Y. 586, motion for reargument denied 300 N. Y. 680; Petroleum Separating Co. v. Interamerican Refining Corp., 296 F. 2d 124.) Moreover, there was no proof offered that the award made resulted in any degree from the consideration of the offending report. (Cf. Matter of Deering Milliken & Co. [Boepple Sportswear Mills], 4 A D 2d 652, affd. 4 N Y 2d 956.) Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.