◼ EUGENE E. ROY et al., Appellants, v. ROBERT A. REID, Respondent.— In consolidated actions for damages for personal injuries and for wrongful death and conscious pain and suffering, (1) plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered December 14, 1970 in favor of defendant against both plaintiffs, upon a jury verdict after trial on the issue of liability only, and (2) plaintiff Hardy also appeals from an order of the same court, entered November 16, 1970, which denied plaintiffs' separate motions for a new trial. Judgment reversed, on the law as to appellant Hardy and on the law and in the interest of justice as to appellant Roy, and new trial granted, without costs. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. Appeal from order dismissed, without costs, as academic in view of the decision herein on the appeals from the judgment. At the outset of the trial, defendant admitted he had been negligent in the operation of his vehicle and that his negligence was the proximate cause of the accident. At the trial it was stipulated that the only issues to be tried were whether plaintiff Roy and plaintiff Hardy's decedent had been contributorily negligent. More specifically, the issue was whether they were negligent in agreeing to ride in a car driven by defendant while he was intoxicated. During the trial a police officer testified that following the accident he arrested defendant and took him to the station house where a breathalyzer test was taken by an officer assigned to giving that test to persons who were suspected of driving while intoxicated. The arresting officer was present during the test. On this testimony the trial court admitted the results of the test into evidence over objection by plaintiff Hardy. Thereafter, expert testimony was produced concerning how many drinks would be required to achieve the level of alcohol in the blood established by the breathalyzer test of defendant. The expert further testified as to possible overt symptoms which would be exhibited by one with the level of alcohol involved. The key issue raised is whether a proper foundation was laid for the introduction of the breathalyzer test. We conclude that no proper foundation was laid (*People v. Donaldson*, 36 A D 2d 37). In the cited case it was determined that it is no longer necessary to require expert testimony to establish the general reliability of the breathalyzer. This conclusion is bolstered by the language of section 1195 of the Vehicle and Traffic Law, which permits the results of such tests to be admitted into evidence if conducted in accordance with proper procedures. However, in *Donaldson* there was testimony that the test had been given by an officer who was trained at the State Police School. He had administered the test on many occasions and he testified in detail regarding the required procedures to be performed, all of which were accomplished in the manner required by the standard instruction manual and the operational check list. Furthermore, there was proof in *Donaldson* that the instrument was properly calibrated and that the chemicals used were the proper kind and mixed in the proper proportions. Finally, there was adequate proof that the entire test had been administered in accordance with the rules and regulations of the State Police Department. As we view it, the results of a breathalyzer test are admissible if a foundation is laid. In laying the foundation it should at least be established that the test was given by a qualified operator in a proper manner, that the machine was in good working order and that the chemicals employed were of the correct kind and in the proper proportions (*People v. Donaldson*, 36 A D 2d 37, *supra*; see *State of Washington v. Baker*, 56 Wn. 2d 846). Since the proper foundation was not established at bar, it was error to admit the

results of the test. Since the test results were the basis of testimony which tended to establish that Roy and the Hardy decedent should have known that defendant was intoxicated, the error committed cannot be considered harmless. Furthermore, in the context of this case we see no reason for distinguishing this case from *Donaldson* on the basis of the civil against criminal dichotomy. While the degree of proof required may differ in criminal and civil actions, the quality of the evidence is the same. Finally, since appellant Hardy objected to the introduction of the breathalyzer results, we have given the nonobjecting appellant Roy the benefit of that objection in the interests of justice. Martuscello, Shapiro and Gulotta, JJ., concur; Munder, Acting P. J., and Latham, J., dissent and vote to affirm the judgment and the order.