■ PEGGY D. MILLER, Respondent, v ATTILIO FARINA, SR., et al., Appellants, and EDWARD JONES, Respondent. (Appeal No. 2.)—Judgment and order unanimously modified in accordance with memorandum and, as modified, judgment and order affirmed, without costs. Memorandum: The trial of the action herein commenced on November 10, 1975. On November 24, 1975 after plaintiff had completed her proof and during the presentation of defendants' case, counsel for plaintiff Miller moved to amend the pleadings to conform to the proof and include as a defendant Attilio Farina, Sr., the owner of the vehicle driven by Attilio Farina, Jr., and the motion was granted. The summons in the Miller action lists as defendants Edward Jones, 1097 Elmwood Avenue, Buffalo, New York, and Attilio Farina, 180 Avon Road, Town of Tonawanda, New York. The complaint alleges that defendant Attilio A. Farina was the operator of a 1967 Buick automobile bearing 1971 New York license plate No. LH 8084 owned by Attilio Farina and being driven with his permission. The "Wherefore" clause demands a judgment against Edward Jones and Attilio A. Farina in the sum of $50,000. Defendant Attilio Farina, Sr., resides at 18 Hamilton Drive, Lockport, New York. An action is commenced and jurisdiction is acquired over a defendant by the service of a summons (CPLR 304). A summons may be amended at any time in the discretion of the court provided a substantial right of the party against whom the summons was issued is not prejudiced. A summons may not be amended, however, to add a new party, since service was never made upon such party and the court has no power to amend a summons to join him in the action (CPLR 305) (see *Jet Age Knitwear Mach. Corp. v Philip,* 22 AD2d 674; 1 Weinstein-Korn-Miller, NY Civ Prac, par 305.16). A judgment may be taken against persons jointly liable where not all of the named defendants in an action based upon a joint liability are served with the summons. However, not only must there be a joint liability but the defendants who are not served with the summons must be named in and made a party to the action (CPLR 1501). This section has limited application however, and such a judgment may not be executed against the individual property of a person not served who is named in the action (CPLR 5018, subd [a]; 5201, subd [b]). It would appear that CPLR 1501 is not meant to

apply to joint tort-feasors. In any case, even that section, were it to apply, requires that the defendant not served be named in the action. It would not authorize the entry of a personal judgment against defendant Attilio Farina, Sr., who was not named in the action. Failure properly to assert jurisdiction over the defendant Attilio Farina, Sr., by obtaining a supplementary summons and amended complaint by court order and then personally serving it upon him, deprived him of the opportunity to plead the Statute of Limitations, by way of motion or in answer to the supplemental process. CPLR 203 (subd [b]) permits the tolling of the Statute of Limitations where defendants are jointly liable or otherwise united in interest and only one defendant is served within the limitation period (*Prudential Ins. Co. v Stone,* 270 NY 154; *Matter of Marshall v Quinones,* 43 AD2d 436; *Zeitler v City of Rochester,* 32 AD2d 728). However, the Statute of Limitations will not be tolled where a proposed defendant who was not served within the limitation period was not named as a party defendant in the summons which was served upon the codefendant prior to the expiration of the statute (*Shaw v Cock,* 78 NY 194; *Halucha v Jockey Club,* 31 Misc 2d 186; 1 Weinstein-Korn-Miller, NY Civ Prac, par 203.05). We are not confronted with a situation where pleadings may be amended in the discretion of the court where a substantial right of a party is not thereby prejudiced but rather with an issue involving the jurisdiction of the court. The defendant could only be brought into the action by service of a supplemental summons and amended complaint (*Arnold v Mayal Realty Co.,* 299 NY 57). The points raised by appellant Attilio Farina, Jr., on this appeal are without merit. There was ample evidence to support the jury's verdict. The court properly excluded evidence of a breathalyzer test administered to defendant Jones because no evidence was presented to establish that the chemicals used in the test were of the proper kind and mixed in the proper proportion (cf. *People v Donaldson,* 36 AD2d 37). There was no error in the court's charge or the manner in which the issues were submitted to the jury. (Appeal from judgment and order of Erie Supreme Court—automobile negligence.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.