OPINION OF THE COURT
Edward S. Conway, J.
This is a cross motion by the defendant for an order compelling the plaintiff to produce copies of any blood alcohol test results arising as a result of an accident on December 22, 1978 involving the plaintiff herein or, in the alternative, compelling the plaintiff to provide authorizations to obtain such blood test results. The plaintiff’s motion for summary judgment was decided by Justice Roger J. Miner who referred defendant’s cross motion to this court.
*237 It is the contention of the defendant that the plaintiff, through his attorney, has at all times failed and refused to provide the defendant with authorizations to obtain the results of the blood alcohol test given to the plaintiff as a result of the December 22, 1978 accident.
It is the further contention of the defendant that, contrary to the contention of the plaintiff, section 674 of the County Law no longer contains any statutory prohibition relating to either disclosure or admissibility of any test results obtained thereunder since its amendment effective June, 1978. It is the further contention of the defendant that the test in this case was taken in accordance with the provisions of section 1194 of the Vehicle and Traffic Law and not in accordance with section 674 of the County Law.
Plaintiff admits that section 674 (subd 3, par [b]) of the County Law was amended to delete the provision concerning the admissibility of evidence, and further admits that the blood was obtained by a State trooper.
Plaintiff, however, contends that he was unconscious until his arrival at the hospital and that any blood test taken from him at the scene of the accident was not pursuant to his consent and that it was not done after his arrest because it is impossible to arrest a person who is unconscious and the hospital records do not indicate any tests were made for blood alcohol.
Section 1194 of the Vehicle and Traffic Law provides in part as follows:
"1. Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his * * * blood * * * for the purpose of determining the alcoholic * * * content of his blood provided that such test is administered at the direction of a police officer:
"(1) having reasonable grounds to believe such person to have been driving in violation of any subdivision of section eleven hundred ninety-two and within two hours after such person has been placed under arrest for any such violation” (emphasis added).
Plaintiff further contends that subdivision 2 of section 1194 does not apply because no breath test pursuant to section 1193-a was ever given to the plaintiff.
This court must agree with the contentions of the plaintiff as to the admissibility of the blood alcohol test results in any *238 criminal or motor vehicle infraction or license revocation proceeding brought against the plaintiff. However, it is the opinion of this court that in an action such as this, where the plaintiff seeks payment of no-fault first-party benefits, such factual evidence should be admissible as a defense to his claim if a proper foundation is laid for the introduction of the test results; that is, that the test was made and analyzed by qualified people in a proper manner (see Roy v Reid, 38 AD2d 717). The final decision as to admissibility is for the arbitrator in this case. The defendant’s cross motion is therefore granted.