■ In the Matter of the Arbitration between Mabel A. Pierre, Appellant, and General Accident Insurance, Respondent. — Appeal from an order and judgment of the Supreme Court at Special Term (Mercure, J.), entered December 17, 1982 in Saratoga County, which dismissed petitioner's application pursuant to CPLR 7511 to vacate an arbitration award. ¶ On January 18, 1981, 52-year-old George R. Pierre, Jr., was involved in a two-car automobile collision and was thereafter taken to a hospital where he complained of pain in his left arm and back. He was discharged within a few hours with instructions to consult his family physician if he required further treatment. Six days later, on January 24, 1981, while at a basketball game, Pierre succumbed to a fatal heart attack. Petitioner, Pierre's wife, made this application pursuant to CPLR 7511 seeking to vacate the award of the arbitrator, as affirmed by a master arbitrator, which denied her claim for a $2,000 death benefit pursuant to the no-fault provision in the automobile insurance policy issued by respondent. Special Term dismissed the application and this appeal ensued. ¶ The sole argument urged by petitioner involves the arbitrator's acceptance of an unsworn report, in the form of a letter, from respondent's expert cardiologist, who did not testify or make himself available for cross-examination. Petitioner urges that admission of the letter over her objection was error. However, it is well settled that an arbitrator is not bound by technical rules of evidence, and the admission of evidence that might well be precluded in a court of law is not sufficient cause for vitiating an award unless the mistake or error of law is so gross or palpable as to amount to fraud or misconduct (*Dahn v Luchs,* 92 AD2d 537, 538; *Korein v Rabin,* 29 AD2d 351, 356). While the admission of the report may be considered prejudicial, since it represented the only evidence offered by respondent at the hearing, we are unable to say that its admission was so gross or palpable as to amount to fraud or misconduct. Moreover, an award will not be vacated for errors of law and fact committed by an arbitrator (*Matter of Raisler Corp.* [*New York City Housing Auth.*], 32 NY2d 274; *Matter of Kingsley v Redevco Corp.,* 97 AD2d 364). Petitioner further argues that CPLR 7506 (subd [c]) was violated because she was not afforded an opportunity to cross-examine respondent's expert cardiologist. Special Term agreed with the arbitrator and master arbitrator that petitioner, by failing to request an adjournment for the purpose of having a subpoena issued to produce the cardiologist, waived her right to such cross-examination by continuing with the hearing.

Again, we are constrained to agree since CPLR 7506 (subd [f]) provides in part that "a requirement of this section * * * is waived if the parties continue with the arbitration without objection" (see, also, *Matter of Mikel [Scharf]*, 105 Misc 2d 548, 556, affd 85 AD2d 604). Examination of the record confirms that petitioner made no objection concerning her inability to cross-examine the cardiologist, nor did she request an adjournment to subpoena him. Rather, petitioner continued with the hearing. ¶ In light of the fundamental principle that an arbitration award will generally not be vacated because of a mistake of law and/or fact (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623), we hold that the error of admitting respondent's medical report into evidence is insufficient grounds for vacating the award (see, e.g., *Matter of Brill [Muller Bros.]*, 17 AD2d 804, affd 13 NY2d 776, cert den 376 US 927). Since our standard of review is to determine whether the award is supported by evidence or other basis in reason (*Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211), our examination of this record requires affirmance. ¶ Finally, we find petitioner's contention that her constitutional due process rights were violated by the admission of the letter report into evidence to be without merit. New York's No-Fault Insurance Law (Insurance Law, art XVIII) has withstood constitutional challenge (*Country-Wide Ins. Co. v Harnett*, 426 F Supp 1030, affd 431 US 934), and there is no absolute right to cross-examination of a nonwitness author of any document offered as evidence in an arbitration hearing (see, e.g., *Mathews v Eldridge*, 424 US 319). ¶ Order and judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur. [117 Misc 2d 88.]