DANIEL R. FAFINSKI, Respondent, v RELIANCE INSURANCE COMPANY, Appellant.

Fourth Department, January 29, 1985

APPEARANCES OF COUNSEL

*Maloney, Gallup, Roach, Brown & McCarthy, P. C. (T. Alan Brown* of counsel), for appellant.

*Spoto & Slater (Richard V. Slater* of counsel), for respondent.

### OPINION OF THE COURT

HANCOCK, JR., J. P.

In a jury trial against defendant insurance company which disclaimed no-fault coverage because of plaintiff's intoxication at the time of the automobile accident in which he was injured, the court refused to permit proof of the result of a blood-alcohol test routinely given on plaintiff's hospital admission because plaintiff had not consented to it. From a judgment for the amount of economic loss, defendant appeals.

Plaintiff sustained serious injuries when the automobile he was driving left the highway on the wrong side and collided with a guardrail. He was taken to the hospital in a semiconscious

condition where he received emergency treatment. For purposes of treatment and without the plaintiff's consent, the emergency room physician ordered a blood-alcohol test which showed that plaintiff had .276% by weight of alcohol in his blood and indicated, in the opinion of a treating physician, that plaintiff was intoxicated. Plaintiff was never arrested or prosecuted for driving while intoxicated or while his ability was impaired (see Vehicle and Traffic Law, §§ 1192, 1194). Defendant, the no-fault insurer covering the automobile, refused plaintiff's claim for first-party benefits stating that the claim was within the policy exclusion provisions because plaintiff was injured "as a result of operating a motor vehicle while in an intoxicated condition or while his ability to operate such vehicle [was] impaired by the use of a drug (within the meaning of Section 1192 of the New York Vehicle and Traffic Law)". During the jury trial of the ensuing lawsuit, defendant sought to prove the result of the test and that it had been given at a doctor's direction through entries in the hospital record and testimony of a nurse, of a medical technician and of two physicians. Relying on *Provenzo v Sam* (27 AD2d 442, revd on other grounds 23 NY2d 256), the court held that although the hospital record was admissible, defendant could not show the result of the blood-alcohol test as evidence of plaintiff's intoxication because plaintiff had not expressly consented to it.

There should be a reversal and a new trial. We hold that the result of a blood-alcohol test may be admitted on the issue of intoxication in litigation involving an exclusion in a no-fault policy as in other civil litigation provided, of course, that the proper foundation is laid (see *Rucki v Insurance Co. of North Amer.*, 104 Misc 2d 236; McCormick, Evidence [3d ed, 1984], § 205, p 616).

Plaintiff advances two propositions to sustain Trial Term's determination:

(1) that the requirements contained in section 1194 of the Vehicle and Traffic Law[1] for admissibility of blood-alcohol tests

---

1. Section 1194 of the Vehicle and Traffic Law provides in part:

"1. Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic or drug content of his blood provided that such test is administered at the direction of a police officer:

"(1) having reasonable grounds to believe such person to have been operating in violation of any subdivision of section eleven hundred ninety-two and within two hours after such person has been placed under arrest for any such violation, or

"(2) within two hours after a breath test, as provided in section eleven hundred ninety-three a of this chapter, indicates that alcohol has been con-

in criminal prosecutions under section 1192, concededly not met here, apply to the admission of such test results when offered as proof that a claim is within the policy exclusion; and

(2) that even if the admissibility requirements of section 1194 do not apply, the result is not admissible for such purpose because plaintiff did not expressly consent to the administration of the test.[2]

For the reasons set forth below, we reject both propositions.

## I

We address first the contention that the result of the blood test should not be admitted because the test was not taken in compliance with section 1194 of the Vehicle and Traffic Law. The argument depends upon the reference to section 1192 of the Vehicle and Traffic Law in the policy exclusion and in the governing statutory provision (Insurance Law, § 5103, subd [b], par [2], formerly § 672, subd 2, par [b]) and the conclusion posited by plaintiff that the requirements for the admission of blood tests in section 1194 (although not referred to) should be read into the policy and the statute. If plaintiff's position is correct, the test result must be excluded here because the test was not administered at the direction of a police officer and within two hours after plaintiff had been placed under arrest or had taken a breath test indicating consumption of alcohol (Vehicle and Traffic Law, § 1194, subd 1; see *People v Moselle,* 57 NY2d 97).

The policy exclusion which tracks almost verbatim the language in the statute is as follows: "This coverage does not apply to personal injury sustained by * * * any person as a result of operating a motor vehicle while in an intoxicated condition or while his ability to operate such vehicle is impaired by the use of a drug (within the meaning of Section 1192 of the New York

---

sumed by such person and in accordance with the rules and regulations established by the police force of which he is a member * * *

"7. a. No person except a physician, registered professional nurse, laboratory technician as classified by civil service or as registered by the American Association of Medical Technologists and under the personal supervision and direction of a physician, or registered physician's assistant, acting at the request of a police officer shall be entitled to withdraw blood for the purpose of determining the alcoholic or drug content therein".

**2.** Defendant argues that there was evidence that plaintiff actually consented to the test, based on the testimony of the medical technician (given outside of the presence of the jury as part of defendant's offer of proof) that when she first attempted to draw blood from plaintiff she was unable to do so because he was uncooperative but that after he spoke with his father, plaintiff became cooperative and she took the specimen without difficulty. We need not reach this issue in view of our holding.

Vehicle and Traffic Law)". It is apparent at the outset that the plain meaning of the exclusion as worded in the policy and the statute does not support plaintiff's position. There is no reference to section 1194 or any section in article 31 of the Vehicle and Traffic Law ("Reckless Driving and Driving While In an Intoxicated Condition") other than section 1192. Because the only section referred to is section 1192, one may surmise that the omission of the others was intentional (see McKinney's Cons Laws of NY, Book 1, Statutes, § 240).

Despite the omission of any reference to section 1194, plaintiff argues that the public policy underlying the enactment of the "Comprehensive Motor Vehicle Insurance Reparations Act" and the legislative purpose as reflected in a reading of the entire statute (Insurance Law, art 51) and in the available legislative history compel the conclusion that the requirements of section 1194 of the Vehicle and Traffic Law should be engrafted onto the exclusionary provision. We find nothing to support the argument. On the contrary, it appears that the legislative purposes behind the exclusion of injuries sustained "as a result of operating a motor vehicle while in an intoxicated condition or while [the] ability to operate such vehicle is impaired" (Insurance Law, § 5103, subd [b], par [2]), as with the exclusions for operating a motor vehicle in a race or speed test, operating a stolen motor vehicle and operating an uninsured vehicle (see Insurance Law, § 5103, subd [b], par [3], cls [ii], [iii], [iv]), are to keep premiums down and to deny coverage for losses resulting from violations of the law (see, generally, *Montgomery v Daniels*, 38 NY2d 41, 62). The Governor's memorandum accompanying the enactment of the no-fault law indicates that one of its purposes was reduction of premiums (see Governor's Memorandum, NY Legis Ann, 1973, p 298). Reading the stringent requirements of section 1194 into the policy and statutory exclusion clearly would not further these purposes.

## II

Nor can we accept plaintiff's alternative position (adopted by the trial court) that irrespective of the applicability of section 1194 the test result is inadmissible because plaintiff did not give his express consent to the test. The applicable authorities do not support it.

The general rule is that "[s]ince the link between high blood alcohol levels and intoxication as well as the accuracy of measurements made under ideal conditions is well established, under the usual principles governing scientific evidence, the test

results should be admissible if founded on a showing of authenticity and satisfactory care in the collection of the sample and its analysis" (McCormick, Evidence [3d ed, 1984], § 205, p 616). In civil cases in this State, courts have admitted the results of scientific tests for intoxication under the usual rules of evidence provided that the proper foundation is laid (see, generally, *Amaro v City of New York,* 40 NY2d 30; *Miller v Farina,* 58 AD2d 731; *Roy v Reid,* 38 AD2d 717; see, also, *Matter of Loucks v Joy Automatics,* 54 AD2d 1037, and *Matter of Harvey v Allied Chem. Corp.,* 51 AD2d 1066, in which blood-alcohol test results were considered on the issue of whether the injury resulted solely from intoxication under Workers' Compensation Law, § 10). In *Rucki v Insurance Co. of North Amer.* (104 Misc 2d 236, *supra*), the only New York decision dealing with the precise issue presented here — the admissibility of blood-alcohol test results in a suit involving exclusion of coverage under a no-fault policy — the nisi prius court applied the general rule that the results should be admitted as evidence of intoxication regardless of consent upon proof of a proper foundation (cf. *Chess v Colonial Penn Ins. Co.,* 93 Misc 2d 765; but cf. *Matter of Garcia v Federal Ins. Co.,* 46 NY2d 1040). Plaintiff has advanced and we discern no reason for applying here an evidentiary rule concerning blood-alcohol tests different from the rule generally applied in other civil cases.[3] We note, moreover, that the anomalous result of adopting as the governing rule here a categorial exclusion of test results absent consent would be to impose a more stringent rule in this civil case involving an exclusion under a no-fault policy than exists in criminal actions under section 1192 (see, generally, *People v Kates,* 53 NY2d 591, holding admissible in a criminal prosecution the result of a blood-alcohol test taken on police request from a hospitalized driver who was unconscious or so disoriented as to be unable to consent). To the extent that dictum in *Provenzo v Sam* (27 AD2d 442, revd on other grounds 23 NY2d 256, *supra*) may be read as establishing a rule that consent is required before blood test results may be admitted in a civil case, we decline to follow it.

The judgment should be reversed and a new trial granted.

DENMAN, BOOMER, GREEN and O'DONNELL, JJ., concur.

Judgment unanimously reversed, on the law, without costs, and new trial granted.

---

3. We note that because no State action or criminal prosecution is involved, the admission of blood-alcohol test evidence presents no Fourth Amendment concern (cf. *Matter of Abe A.,* 56 NY2d 288).