■ In the Matter of NYACK HOSPITAL, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award dated June 3, 1986, which was affirmed by a master arbitrator's award dated August 11, 1986, the appeal is from a judgment of the Supreme Court, Nassau County (Becker, J.), dated October 9, 1986, which granted the application and, *inter alia,* remitted the matter to the No-Fault Arbitration Tribunal.

Ordered that the judgment is affirmed, with costs.

The appellant Government Employees Insurance Company (hereinafter GEICO) disclaimed no-fault insurance benefits on the ground that the insured was injured as a result of operating a motor vehicle while in an intoxicated condition within the meaning of Vehicle and Traffic Law § 1192 *(see,* Insurance Law § 5103 [b] [2]). The assignee of the injured insured's first-party benefits, the hospital which treated the insured for injuries sustained in the automobile accident (Nyack Hospital), requested arbitration of the no-fault claim, pursuant to Insurance Law § 5106 (b). The arbitrator denied the claim, upon finding that the insured was intoxicated at the time of the accident. The award was affirmed by the master arbitrator. The assignee commenced this proceeding to vacate the award on the ground the arbitrator had exceeded his power *(see,* CPLR 7511 [b] [1] [iii]), because the award was predicated solely upon an inadmissibile entry in a copy of the assignee's hospital records setting forth the results of a blood alcohol test allegedly given upon the insured's admission to the hospital. The result of a blood alcohol test may be admitted on the issue of intoxication in litigation involving an exclusion in a no-fault policy provided that a proper foundation is laid *(see, Fafinski v Reliance Ins. Co.,* 106 AD2d 88, *affd* 65 NY2d 990). Since GEICO made no showing of authenticity and satisfactory care in the collection of the sample and its analysis *(see,*

McCormick, Evidence § 205, at 616 [3d ed 1984]; *Fafinski v Reliance Ins. Co., supra,* and cases cited therein), the blood alcohol test result was technically inadmissible in a court of law for lack of a proper foundation *(see, Diamond v Acker,* 78 AD2d 546).

This dispute arises under Insurance Law § 5106 (b), which requires insurers to submit to binding arbitration of no-fault claims at the option of the claimant. Therefore, the instant arbitration is classified as compulsory arbitration *(see, Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.],* 49 NY2d 757; *Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442, 446). In cases of compulsory arbitration, due process considerations require the courts to exercise a broader scope of review than in cases of consensual arbitration *(Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, *rearg denied* 27 NY2d 737; *Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.], supra).* CPLR 7511 (b) (1) (iii), in authorizing review of whether the arbitrator has exceeded his power, includes review in the case of compulsory arbitration of whether the award is supported by evidence or other basis in reason appearing in the record *(Mount St. Mary's Hosp. v Catherwood, supra; Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207, 211). It is well settled that an arbitrator is not bound by technical rules of evidence and the admission of evidence that might well be precluded in a court of law is not sufficient cause for vitiating an award unless the mistake or error of law is so gross or palpable as to amount to fraud, misconduct or breach of authority *(Dahn v Luchs,* 92 AD2d 537, 538; *Korein v Rabin,* 29 AD2d 351, 356). Here, the erroneous admission of the blood alcohol test result, without a proper foundation, was prejudicial, since it represented the only evidence proffered at the hearing to show the insured was intoxicated at the time of the accident. Aside from this inadmissible evidence, no other evidence or basis in reason appears in the record to support the arbitrator's finding of intoxication upon which the award upholding GEICO's disclaimer of coverage is predicated. Under these circumstances, the arbitrator exceeded his power in rendering the award *(cf., Matter of Pierre [General Acc. Ins.],* 100 AD2d 705, *lv denied* 63 NY2d 601; *Dahn v Luchs, supra).* Brown, J. P., Rubin and Kooper, JJ., concur.

Weinstein, J., dissents and votes to reverse the judgment appealed from, on the law, to reinstate the arbitration award, as affirmed by the master arbitrator, and to deny the application and to confirm the master arbitrator's award, with the

following memorandum: I respectfully disagree with my learned colleagues' decision to vacate the subject arbitration award on the ground that a proper foundation had not been established for the admission of the blood alcohol results contained in the petitioner assignee's hospital records. By way of pertinent background, the assignor was seriously injured when the vehicle which he was operating at an unsafe speed struck a utility pole, resulting in his confinement to Nyack Hospital from July 19 to August 6, 1985. The hospital submitted a bill under the no-fault law to the respondent insurer on August 21, 1985. The insurer's issuance of a no-fault denial of claim form, in which it was alleged that the hospital was excluded from receiving any benefits because the assignor was operating a motor vehicle while intoxicated or under the influence of drugs, gave rise to the underlying arbitration proceeding. At an arbitration hearing to ascertain whether the assignor had violated policy conditions resulting in exclusion from coverage, the insurer offered into evidence a copy of the hospital records which indicated that a blood test administered by the hospital shortly after the accident showed an alcohol level in the assignor's blood. There was no charge of intoxication by the police. The sole evidence of intoxication consisted of the hospital-administered blood test. Significantly, neither party presented oral testimony at the hearing, relying solely on written exhibits.

The arbitrator rejected the hospital's opposition to the receipt of the hospital-administered tests in evidence which was based on its claim that a proper foundation for their admission had not been made as required by *Fafinski v Reliance Ins. Co.* (65 NY2d 990, *affg* 106 AD2d 88). Having found that the assignor was driving while intoxicated within the meaning of the policy exclusion, the arbitrator denied the hospital's claim. The master arbitrator affirmed the award in its entirety. In granting the hospital's petition to vacate the award, the Supreme Court found the test results to have been improperly admitted. The court, however, took cognizance of the irony of the situation, i.e., the hospital's assumption of the position that its own records were not shown to be accurate, and the insurer's allegation that the hospital's employees were less than cooperative with attempts to ascertain the identity of those employees who conducted the relevant tests. Accordingly, the matter was remitted to the No-Fault Arbitration Tribunal for further proceedings on the issue of coverage with the explicit directive that the hospital furnish the respondent with the names and last-known addresses of the employees who administered the tests in question.

In affirming that order the majority is sanctioning an incongruous result. It bears emphasizing that it is the same hospital which caused the blood sample to be taken and the pertinent tests to be performed and which subsequently refused to disclose the names of the employees who handled the blood, which now objects to the admission of those test results into evidence. As the respondent insurer has aptly recognized, the instant situation is not analogous to one in which a doctor or nurse takes a sample in a medical office and subsequently transports it through various sources until it reaches the laboratory for analysis. On the contrary, the blood sample involved here was not only taken by hospital employees but was also retained and analyzed by them. It is my belief that the *Fafinski* holding *(supra)*, to the effect that the result of a blood alcohol test may be admitted on the issue of intoxication in litigation involving an exclusion in a no-fault policy, as in other civil litigation, provided that a proper foundation is laid, has no application to these facts.

*Fafinski (supra)* involved a jury trial, as opposed to an arbitration proceeding, by an injured plaintiff against an insurer which disclaimed no-fault coverage due to the plaintiff's intoxication at the time of the accident. In that case, the hospital which had administered the blood alcohol test which showed that the plaintiff had .276% by weight of alcohol in his blood at the time of his admission for emergency treatment, was not a party to the action. By way of contrast, the matter currently before us involves an arbitration proceeding in which the petitioner is the very hospital at which the subject blood test was taken.

It is a well-settled tenet that "an arbitrator is not bound by technical rules of evidence, and the admission of evidence that might well be precluded in a court of law is not sufficient cause for vitiating an award unless the mistake or error of law is so gross or palpable as to amount to fraud or misconduct" *(Matter of Pierre [General Acc. Ins.],* 100 AD2d 705, *lv denied* 63 NY2d 601). Arbitrators, in the discharge of their duties, are to be guided by a sense of equity rather than by technical rules *(Dahn v Luchs,* 92 AD2d 537, 538). While the admission of the blood test result in the instant case may be considered prejudicial, particularly since the hospital record was the sole evidence offered by the insurer at the hearing, I am unable to reach the conclusion that its admission was so gross or palpable as to amount to fraud or misconduct *(see, Matter of Pierre [General Acc. Ins.], supra)*. Despite the more exacting standard of judicial review imposed where compul-

sory arbitration is involved *(Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.],* 49 NY2d 757), I find that the Supreme Court erred in granting the hospital's application to vacate the subject awards. In cases of compulsory arbitration, the CPLR article 75 standard of review includes a determination of whether the award is supported by evidence or other basis in reason *(Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207, 211). Clearly, on the record before us, the decisions of the arbitrator and master arbitrator were rational and had a plausible basis.

CPLR 7511 further allows a court to vacate an arbitrator's award and, by judicial construction, that of a master arbitrator, on the application of either party if the court finds that the rights of that party were prejudiced by an arbitrator who exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made (CPLR 7511 [b] [1] [iii]; *Matter of Petrofsky [Allstate Ins. Co.], supra,* at 210). Absent any evidence to the effect that the arbitrator dealt with matters beyond the scope of what had been submitted to him or that he gave a completely irrational construction to any pertinent provision *(Matter of Board of Educ. v Harrison Assn. of Teachers,* 46 AD2d 674), I find no justification for a conclusion that the arbitrator exceeded the scope of his authority. Nor was there any indication of any such fatal defect as the arbitrator's having based his decision on inapplicable law *(cf., Matter of Price [State Farm Mut. Ins. Co.],* 91 AD2d 1084, 1085). In accordance with the fundamental tenet that an arbitration award will generally not be vacated because of a mistake of law and/or fact since it is the arbitrator's paramount responsibility to reach an equitable result *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629; *Matter of Pierre [General Acc. Ins.],* 100 AD2d 705, 706, *supra),* I vote to reverse the judgment appealed from, to reinstate the arbitration award as affirmed by the master arbitrator, to deny the application, and to confirm the master arbitrator's award *(see,* CPLR 7511 [e]).