WILLIAM LaDuke, Respondent, v STATE FARM INSURANCE COMPANY, Appellant.

Fourth Department, June 22, 1990

## APPEARANCES OF COUNSEL

*Smith, Sovik, Kendrick, Schwarzer & Sugnet, P. C. (Mary Kendrick-Gaffney* of counsel), for appellant.

*Meggesto & Badera (Peter Badera* of counsel), for respondent.

## OPINION OF THE COURT

PINE, J.

Plaintiff sustained severe injuries in an automobile accident on November 10, 1985 and commenced this action when defendant, his automobile insurance carrier, refused to provide no-fault coverage on the grounds that plaintiff had been intoxicated and that his intoxication was a contributing cause of the accident.

At a nonjury trial, defendant offered into evidence a certified copy of plaintiff's hospital record pursuant to CPLR 4518 (c). Plaintiff objected that there was no proper foundation for the portion of the hospital record relating to a blood alcohol test, which revealed a blood alcohol level of .25 grams of alcohol per deciliter of blood. Defendant offered unrebutted testimony that the blood test was needed for care and treatment. The court reserved decision on the admissibility of the blood test part of the hospital record and thereafter ruled that the blood test result was inadmissible because the foundation was insufficient, relying on *Chess v Colonial Penn Ins. Co.* (93 Misc 2d 765, 770).

That was error. CPLR 4518 (c) and 2306 (a) provide in relevant part that properly certified hospital records relating to the condition or treatment of a patient are admissible and constitute prima facie evidence of the facts contained therein *(see, Matter of Quinton A.,* 68 AD2d 394, 400, *revd on other grounds* 49 NY2d 328).

The court's reliance on *Chess v Colonial Penn Ins. Co. (supra)* was misplaced. *Chess* was decided under CPLR 4518 (a), pursuant to which a record made in the regular course of business is admissible but the circumstances of its making may be proved to affect its weight. The *Chess* court's analysis was that the blood test results were admissible pursuant to CPLR 4518 (a) but were without "substantial probative value" because a proper foundation was lacking *(supra,* at 769). This is in sharp contrast to the CPLR 4518 (c) provision that the record is prima facie proof of its contents.

In addition, the court erroneously relied on three other cases, none of which involves the application of *any* subdivision of CPLR 4518. In *Amaro v City of New York* (40 NY2d 30, 35), the city attempted to introduce a laboratory report on a

blood sample taken from the patient by a fire department doctor five hours after an accident. The court found a failure of proof with respect to chain of custody. In *Fafinski v Reliance Ins. Co.* (106 AD2d 88, *affd* 65 NY2d 990), the court rejected plaintiff's argument that his blood alcohol test result was inadmissible because he did not consent to the blood test; the court stated in dicta the general rule that blood alcohol test results should be admissible if the proper foundation is laid. *Roy v Reid* (38 AD2d 717) involved the admissibility of a breathalyzer test administered by a police officer.

Because the court erred in refusing to receive evidence of plaintiff's intoxication, we do not pass upon the court's finding in its decision that plaintiff's intoxication, if any, was not a contributing cause of the accident.

Accordingly, the judgment in favor of plaintiff must be reversed and a new trial granted.

DILLON, P. J., BOOMER, DAVIS and LOWERY, JJ., concur.

Order and judgment unanimously reversed, on the law, without costs, and new trial granted.