■ EVE L. NORTH et al., Respondents, v TRAVELERS INSURANCE COMPANY, Appellant. [630 NYS2d 154] —Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered October 21, 1994 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

On November 18, 1990, plaintiff Eve L. North had in effect a policy of automobile insurance issued by defendant covering her 1986 Chevrolet automobile. At some time between 5:00 A.M. and 5:30 A.M. on that day, North's son, plaintiff Shannon Booska, operated the insured vehicle with North's permission and drove off the road, striking a number of small trees and a utility pole and sustaining serious personal injuries. Defendant denied coverage under the mandatory personal injury protection (no-fault) endorsement of its policy on the basis of an exclusion for "personal injury sustained by * * * any person as a result of operating a motor vehicle while in an intoxicated condition or while his ability to operate such vehicle is impaired by the use of a drug (within the meaning of [Vehicle and Traffic Law § 1192])".

Plaintiffs then commenced this action seeking, *inter alia*, a declaration that under its contract of insurance, defendant is required to pay no-fault benefits. In its answer, defendant asserted as affirmative defenses the above-mentioned policy exclusion and the corresponding provision of Insurance Law § 5103 (b) (2). Following discovery, defendant moved for summary judgment dismissing the complaint upon the ground that at the time of the accident Booska was intoxicated as a matter of law. Defendant supported its motion with the deposition testimony of plaintiffs and Barbara Kelly, a claims analyst for defendant. Defendant also submitted the affidavit of Joseph Glenn, a Ph.D. biochemist, who expressed his opinion that, based upon Booska's stated height and weight, the alcoholic beverages that he acknowledged consuming prior to the accident and the results of blood tests performed thereafter, Booska was intoxicated at the time of the accident. Supreme Court denied the motion upon the ground that, inasmuch as there appears to have been insufficient evidence to prosecute Booska for driving while intoxicated or driving while ability impaired, a factual issue necessarily exists as to whether Booska was intoxicated at the time of the accident. Defendant appeals.

We affirm. Although the absence of a criminal conviction was irrelevant to the issues before Supreme Court (*see, Fafinski*

*v Reliance Ins. Co.*, 65 NY2d 990, *affg* 106 AD2d 88; *Bennett v State Farm Ins. Co.*, 147 AD2d 779), we agree with plaintiffs that defendant failed to support its summary judgment motion with a prima facie showing of entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), thereby requiring denial of its motion regardless of the sufficiency of the opposing papers (*see, supra*). We note first that Glenn's opinion was unaccompanied by any competent evidence as to the manner in which the blood samples were obtained, handled or analyzed or, for that matter, the actual test results (*see, Matter of Nyack Hosp. v Government Empls. Ins. Co.*, 139 AD2d 515, *lv dismissed* 72 NY2d 841, *appeal dismissed* 73 NY2d 986; *Fafinski v Reliance Ins. Co.*, 106 AD2d 88, 91-92). Fundamentally, an expert's opinion may not be considered when it is based upon facts that have not been established by the evidence (*see, Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 335; *Fallon v Hannay & Son*, 153 AD2d 95, 101-102). Further, defendant came forward with no evidence to controvert Booska's deposition testimony that he ingested a small glass of a liqueur within a very short time prior to the accident and that the accident took place before the alcohol entered his blood stream and was caused not by intoxication but by his effort to avoid hitting an animal in the road. Under the circumstances, we conclude that factual issues exist both as to Booska's intoxication and the cause of the accident (*see, Cernik v Sentry Ins.*, 131 AD2d 952).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.