■ New York and Presbyterian Hospital, as Assignee of Luis Reyes, Respondent, et al., Plaintiff, v AIU Insurance Company, Appellant. [799 NYS2d 245]—

In an action to recover unpaid no-fault insurance medical benefits, the defendant appeals (1) from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McCarty, J.), entered April 1, 2004, as, upon a decision of the same court dated January 23, 2004, granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action asserted by the plaintiff New York and Presbyterian Hospital, and, in effect, denied its cross motion for summary judgment dismissing the complaint, and is in favor of the plaintiff New York and Presbyterian Hospital and against it in the principal sum of $14,574, (2), as limited by its brief, from so much of an order of the same court entered June 30, 2004, as, in effect, upon reargument, adhered in part to the prior determination in the decision dated January 23, 2004, and (3) from so much of an order of the same court entered August 25, 2004, as denied its motion for leave to renew that branch of the plaintiff's prior motion which was for summary judgment on the first cause of action.

Ordered that the appeal from the order entered June 30, 2004, is dismissed as no appeal lies from an order made upon reargument and adhering to the prior determination in a decision (see *Matter of A & S Transp. Co. v County of Nassau,* 154 AD2d 456 [1989]); and it is further,

Ordered that the appeal from the order entered August 25, 2004, is dismissed as academic in light of the determination of the appeal from the order and judgment; and it is further,

Ordered that the order and judgment is reversed insofar as appealed from, on the law, that branch of the motion which was for summary judgment on the first cause of action asserted by the plaintiff New York and Presbyterian Hospital is denied, and the decision entered June 30, 2004, and the order entered August 25, 2004, are vacated; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law "by submitting evidentiary proof that the prescribed statutory billing forms had been mailed and received and that payment of no-fault benefits was overdue" (*New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp.,* 12 AD3d 429 [2004]). However, in opposition to the motion, the defendant established that it had previously and timely denied the same claim, and that the no-fault billing at issue was a resubmission of a claim to which the rule that a claim must be paid or denied within 30 days did not apply (*see Hospital for Joint Diseases v Allstate Ins. Co.,* 5 AD3d 441, 442 [2004]).

Notwithstanding that the defendant established that its prior denial of the claim was timely, the defendant failed to establish its entitlement to summary judgment dismissing the complaint based on the intoxication exclusion (*see Lynch v Progressive Ins. Co.,* 12 AD3d 570 [2004]; *North v Travelers Ins. Co.,* 218 AD2d 901 [1995]). Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.