■ In the Matter of the Arbitration between ROSARIO SUAREZ, Respondent, and COUNTRY-WIDE INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered June 20, 1980, vacating arbitration award and remanding proceeding to arbitrator for rehearing to set forth the amount to be awarded and the reasons therefor, is unanimously reversed, on the law; petitioner's motion to vacate the

arbitration award is denied; and the award is confirmed, without costs. In this uninsured motorist arbitration proceeding, the arbitrator awarded petitioner the sum of $500 for pain and suffering. (Physician's and hospital emergency room bills had been paid under "no-fault" provisions of the policy.) No one having requested stenographic minutes of the hearing, the award is not invalidated by the absence of such minutes. *(Caso v Coffey,* 41 NY2d 153, 159.) Further, the arbitrator was not required to state reasons or grounds for his determination. *(Matter of Hillside Housing Corp. v Local 32E, Bldg. Serv. Employees Int. Union,* 40 AD2d 795.) The hospital record diagnosis is "contused hip & back." We are unable on the present record to say "that there was not a rational basis for the award or that the award was not otherwise grounded in reason" *(Matter of Furstenberg [Aetna Cas. & Sur. Co.],* 49 NY2d 757, 759), under the test of "whether *any* reasonable hypothesis can be found to support" the award *(Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442, 454). Concur—Kupferman, J. P., Sandler, Markewich, Silverman and Bloom, JJ.