◼ In the Matter of EMMA L. PAUL, Respondent, et al., Claimants, v INSURANCE COMPANY OF NORTH AMERICA, Appellant. — In a proceeding to confirm an arbitration award, in which the insurer cross-moved to vacate the award, the insurer appeals from (1) an order of the Supreme Court, Suffolk County, dated June 28, 1980, which granted petitioner's motion to confirm the award and denied the cross motion, and (2) a judgment of the same court, entered October 20, 1980, awarding petitioner Emma Paul $463.30 plus attorney's fees, pursuant to the arbitration award. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, by deleting from the first decretal paragraph the words "the sum of four hundred sixty three dollars and thirty cents ($463.30)" and substituting the words "the sum of two hundred sixty-three dollars and thirty cents ($263.30)." As so modified, judgment affirmed, without costs or disbursements. In his no-fault arbitration award and opinion the arbitrator failed to set forth the reasons for his award of $333.30 in lost wages and $130 in medical expenses. We reject any suggestion that the arbitrator is required to state reasons or grounds for his determination (see *Matter of Suarez [Country-Wide Ins. Co.],* 79 AD2d 591). However, in view of the facts that (1) the arbitrator deemed himself "bound by the decision of the Workmen's Compensation Board" that the petitioner was disabled for a period of 10 weeks and that her wages were $100 per week, (2) there was no dispute between the parties as to the method of calculating the amount of first-party benefits under subdivision 2 of section 671 of the Insurance Law, and (3) the petitioner's own request for an award took into account the 20% deduction mandated by the Insurance Law, the only reasonable hypothesis for the arbitrator's award of lost wages in the amount of $333.30 is that he made a computational error, not that there was any erroneous application of or interpretation of a question of law. Accordingly, we are modifying to correct this miscalculation of the amount of the award (see CPLR 7511, subd [c]). We reject the insurer's argument that the award for medical expenses and attorney's fees is without a rational basis (see *Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442; *Matter of Aetna Ins. Co. [Spivey],* 80 AD2d 583). Mollen, P. J., Cohalan, Margett and O'Connor, JJ., concur.