■ RAPHAEL DAHN, Respondent, v BARBARA LUCHS et al., Appellants. — In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Kings County (Leone, J.), dated September 18, 1981, which granted the application and remitted the matter to the arbitrator. Judgment reversed, on the law, with $50 costs and disbursements, application denied and award confirmed. The arbitration award at issue, *inter alia,* denied claimant Raphael Dahn payment for certain medical expenses, namely, visits to an orthopedist. Claimant then moved, pursuant to CPLR 7511, to vacate the award on the ground of the arbitrator's misconduct, contending that the admission of the medical report of a urologist over claimant's objection was prejudicial and therefore rendered the award fatally defective. By judgment dated September 18, 1981, Special Term, *inter alia,* granted claimant's motion to vacate, stating that the arbitrator "fail[ed] to set forth the basis for the award", and that the record was insufficient to determine whether to confirm the award. It is from this judgment that the appeal is taken. Under the particular circumstances, Special Term acted improvidently. Despite the more exacting standard of judicial review imposed where compulsory arbitration is involved (*Matter of Furstenberg* [*Aetna Cas. & Sur. Co.*], 49 NY2d 757), Special Term, nonetheless, erred in requiring that the arbitrator set forth the reasons or grounds for his determination (*Matter of Paul v Insurance Co. of North Amer.,* 81 AD2d 671; *Matter of Suarez* [*Country-Wide*

*Ins. Co.*], 79 AD2d 591). It is well established that an arbitrator is not required to justify his award; it must merely be evident that there exists a rational basis for it upon a reading of the record (*Caso v Coffey*, 41 NY2d 153, 158; *Matter of Shand* [*Aetna Ins. Co.*], 74 AD2d 442, 443). The arbitrator's conclusion, resting upon the testimony of orthopedists Braf and Kaplan, and additionally, the written medical reports admitted without objection by claimant, all of which concurred in finding the medical treatment in question unnecessary, had such a rational basis. Additionally, the admission of one of the medical reports, that of a urologist, over the objection of the claimant, did not constitute such misconduct as to warrant vacatur of the award. Arbitrators, in the discharge of their duties, are not "governed by the substantive or evidentiary rules which commonly prevail in courts of law"; a sense of equity, rather than technical rules, serves as guidance (*Matter of Board of Educ.* [*Hess*], 49 NY2d 145, 152; *Lentine v Fundaro*, 29 NY2d 382, 385). Admittedly, at bar, application of confirmed legal standards for relevancy might preclude the admission of the urologist's report into a court of law where the issue concerns expenses for orthopedic services (see, generally, Richardson, Evidence [Prince, 10th ed], § 4). However, in an arbitration proceeding, the admission of evidence that is merely incompetent or irrelevant is not sufficient cause for vitiating an award; such result is mandated only where the objected-to evidence is extremely prejudicial (see *Matter of Brill* [*Muller Bros.*], 40 Misc 2d 683, 689). "A mistake or error of the arbitrators as to the law or facts will not vitiate an award 'unless it * * * is so gross or palpable as to establish fraud or misconduct' " (*Korein v Rabin*, 29 AD2d 351, 356, citing 6 CJS, Arbitration and Award, § 105). At bar, admission of the urologist's report was not so damaging to claimant. First, it merely confirmed the testimony and written medical reports of other physicians to the effect that his condition did not warrant further medical treatment after 1979. Second, a fair reading of the arbitrator's opinion reveals that he considered only those reports as to which there was no objection. Accordingly, on the papers submitted, Special Term should not have granted claimant's application for vacatur. Titone, J. P., Brown, Rubin and Boyers, JJ., concur.