■ In the Matter of CORA MARTIN, Appellant. CITY OF NEW YORK, Respondent. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, petitioner appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated February 8, 1983, which denied her application. ¶ Order affirmed, with costs. ¶ In this case, petitioner has neither demonstrated any reasonable excuse for her failure to timely serve a notice of claim nor shown that the respondent had knowledge of the essential facts constituting her claim. Rather, it appears that petitioner unfortunately decided too late to seek legal assistance with a view toward bringing a claim against the City of New York. "Were we to find the delay here excusable, precious little of section 50-e of the General Municipal Law would survive in this department" (*Matter of Morris v County of Suffolk,* 88 AD2d 956, 957). Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.

■ In the Matter of the Arbitration between SAFECO INSURANCE COMPANY, Respondent, and COMMERCIAL UNION ASSURANCE COMPANIES, Appellant. — In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Nassau County (Becker, J.), dated January 10, 1983, which granted the application. ¶ Judgment affirmed, with costs. ¶ The arbitration award was properly vacated since there was no rational basis for it on this record (see *Dahn v Luchs,* 92 AD2d 537; *Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442). Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD G. ATKINS, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered November 15, 1982, convicting him of rape in the first degree, upon a plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Lazer, J. P., Mangano, Weinstein and Brown, JJ., concur.