CHEVROLET DIVISION, GENERAL MOTORS CORPORATION, Petitioner, v CHARLES BANKS, Respondent.

Supreme Court, Albany County, February 9, 1988

### APPEARANCES OF COUNSEL

*DeGraff, Foy, Conway, Holt-Harris & Mealey* for petitioner. *Walter, Thayer & Long* for respondent.

### OPINION OF THE COURT

WILLIAM F. McDERMOTT, J.

The petitioner has moved on an order to the respondent why a judgment should not be entered pursuant to CPLR 7503 (b), staying the arbitration proceeding instituted by the respondent against the petitioner and all proceedings therein upon the grounds that the matter is not arbitrable because (1) a final arbitration decision has been rendered against the respondent in a prior proceeding; and (2) respondent has accepted the decision rendered by the arbitrator in the prior proceeding.

The respondent has moved on notice for an order vacating the stay of arbitration and dismissing petition pursuant to CPLR 3211 (a) (1) and 404 (a).

On December 8, 1984 the respondent traded in a 1970 Mercedes Benz for a little over $4,200 and purchased a new 1985 Monte Carlo for $14,849. Respondent's contract called for him to make payments of $260.26 per month for 60 months, beginning with January of 1985. Although he had many complaints about the car, respondent's payments are up to date.

The car was returned to the dealer for repairs on several occasions between December 1984 and May of 1985. Mr. Banks found that the automobile was stalling on him, idling very hard and roughly and was very difficult to start. In May the respondent returned to the dealer to report that the car was stalling in traffic and was surging at 70 and 30 miles per hour. A short time after this, the car died while respondent was traveling in North Carolina. After being stranded for hours, Mr. Banks finally had the car towed to a General Motors dealer in Maryland. In June of 1985, respondent returned to the dealer with a similar complaint, all such attempts were unsuccessful, he then began to correspond with the Better Business Bureau (BBB), Dispute Settlement Center. Before a hearing could be held or scheduled, Mr. Banks returned to the dealer again with similar complaints of stalling and hesitation problems.

A hearing was held and on August 1, 1985 arbitrator made his first decision which directed the petitioner to correct the hesitation, jerking, stalling and restarting problems. They were also to correct the finish imperfections on the vehicle. Mr. Banks received a form letter from the BBB which he signed indicating his acceptance of the decision, his understanding being that the company would be required to repair the vehicle according to the arbitrator's instructions. The form letter itself modified the acceptance by its language (unless I am dissatisfied with the eventual performance of the business under the decision).

A follow-up hearing or inspection took place in November of 1985. At this time the respondent informed the arbitrator that the vehicle was still not repaired properly. Also at this time, Mr. Banks asked that the company repurchase the vehicle, or give him one free of defects. A second decision was made after inspection and the arbitrator again directed the petitioner to repair the hesitation problem, test drive the vehicle and report to him in writing the condition of the car relative to these problems. Once again, Mr. Banks accepted this decision in writing on the form provided. A short time later the car

stalled on a long distance trip to Alabama, Mr. Banks had to have the car towed and repaired. In January of 1986, respondent went in for the seventh time to have the stalling and hesitation problem fixed.

Another decision was made by the arbitrator, in April of 1986, indicating that the hesitation problem was corrected to his (arbitrator) satisfaction, and that the decision was in full and final settlement of all present claims against the petitioner. The respondent rejected the findings of the arbitrator. On the form letter of the Better Business Bureau he checked that space that said I do not accept the arbitration decision, signed Charles Banks.

The respondent then requested arbitration under the New York State program. His request has been accepted by the American Arbitration Program and he has paid his filing fee.

The petitioner has moved pursuant to CPLR 7503 (b). Respondent has moved to dismiss the petition based on the fact that there is a defense grounded on documentary evidence.

Petitioner contends that the respondent is seeking a second arbitration which would render the first proceeding meaningless and would violate the well-settled principles of res judicata and collateral estoppel. Petitioner argues that the finality of the arbitrator's decision coupled with respondent's acceptance bars relitigation of the same issues and claims decided on the first arbitration proceeding and cites *Clemens v Apple* (65 NY2d 746). The court does not disagree with petitioner's conclusions and with the stated principles of law. The court does disagree with petitioner's judgment on the facts. In the *Clemens* matter the injury complained of was considered by the arbitrator and was also the injury complained of in the instant action. Since the record shows Clemens was accorded a full opportunity to litigate his claims during arbitration he was barred from relitigating it. This is distinguishable from the instant matter. There was no such resolution in Mr. Banks' case. Apparently the automobile is in no better condition than it was before the first hearing. The arbitrator found that the petitioner did not comply with the first two decisions, and again ordered the petitioner to correct the defects. The respondent did not accept arbitrator's third decision. Although arbitrator made three decisions, there is only one directive, fix the car, and this has not been done.

There is proof sufficient that the petitioner after several attempts at the direction of the arbitrator cannot or will not

repair the defects in the automobile in question. Some of the problems with the car occurred within two years of purchase date or within the first 18,000 miles of operation; and as stated above, exercising the choice afforded him by the terms of the arbitration, rejected the decision of the arbitrator that the car was satisfactorily repaired.

In view of the foregoing, the respondent is not bound by the third decision of the arbitrator.