In the Matter of VOLVO NORTH AMERICA CORPORATION, Appellant, v JOHN J. DEPAOLA, Respondent, and ROBERT ABRAMS, as Attorney-General of the State of New York, Intervenor-Respondent.

First Department, March 27, 1990

## APPEARANCES OF COUNSEL

*Herbert Rubin* of counsel *(Michael Hoenig, David B. Hamm* and *Noreen M. Giusti* with him on the brief; *Herzfeld & Rubin, P. C.,* attorneys), for appellant.

*John J. DePaola,* respondent *pro se.*

*Herbert Israel* of counsel *(John W. Corwin, Harvey Berman* and *Stephen Mindell* with him on the brief; *Robert Abrams, Attorney-General,* attorney), for intervenor-respondent.

## OPINION OF THE COURT

SULLIVAN, J.

In May 1985, respondent purchased a 1985 Volvo 745 GLE station wagon. After experiencing various problems with his car which were not resolved to his satisfaction, respondent, pursuant to subdivision (k) of General Business Law § 198-a, the "new car lemon law" (lemon law), requested arbitration, to which the manufacturer must submit. After conducting an oral hearing, the arbitrator found that respondent was entitled to relief and, in accordance with respondent's election, awarded him, as a "comparable vehicle", a 1987 Volvo 745 GLE. Respondent's 1985 Volvo had, by this time, been driven more than 47,000 miles. The IAS court upheld the arbitrator's determination, finding it neither irrational nor arbitrary. While we agree that respondent was entitled to relief under the lemon law, we are persuaded that the arbitrator exceeded his power in awarding him a brand new 1987 Volvo. *(See,* CPLR 7511 [b] [1] [iii].)

Under General Business Law § 198-a (c) (1), where an automobile manufacturer is unable, after a reasonable number of attempts, to correct a defect or condition which "substantially impairs the value of the motor vehicle to the consumer", the consumer may opt for the replacement of the vehicle with a "comparable motor vehicle" or a refund of the full purchase price, with certain adjustments. If the consumer pursues the arbitration mechanism afforded by the statute and prevails, "the arbitrator is limited to awarding one of [these] two remedies." *(Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175 [Jan. 18, 1990].)

"[T]he replacement remedy provided by the Lemon Law is analogous to specific performance; it is designed to produce, as nearly as practicable under the circumstances, the same performance promised under the contract." *(Supra,* at 182.) The statute entitles the consumer who opts for a "comparable motor vehicle" to a "vehicle of comparable quality" *(supra,* at 186), which, in our view, means a vehicle of the same year and model and which has approximately the same mileage as the vehicle being replaced. It does not entitle the consumer to a "new" vehicle. This view is supported by the legislative history of the lemon law. The memorandum prepared by its Senate sponsor noted: "If the consumer opts for a replacement vehicle, the manufacturer may offer a comparable vehicle with respect to the mileage, model year and value of the vehicle being returned". (1983 NY Legis Ann, at 199-200.) Moreover, had it been the intention of the Legislature that the vehicle be replaced with a "new" vehicle, it is reasonable to assume that the statute would have so provided. For example, the lemon laws of Connecticut and West Virginia expressly state that the nonconforming vehicle shall be replaced with "a new motor vehicle acceptable to the consumer" (Conn Gen Stat § 42-179 [d]) or a "comparable new motor vehicle" (W Va Code § 46A-6A-3 [b]).

Even without reference to these external sources, the plain language of the statute supports the conclusion that a comparable vehicle does not necessarily mean a new one. Since the refund option includes a deduction for mileage in excess of 12,000 miles pursuant to a specified formula and provides an allowance for damage beyond normal wear as well as for improvements, it follows, by parity of reasoning, that these factors will be taken into consideration in determining what constitutes a "comparable" vehicle. There was no need to include an express provision in the statute to this effect since the term "comparable motor vehicle" contemplates all of these considerations. Thus, the statute provides for alternative remedies that are of equivalent value. To uphold the award in this case would frustrate the statutory scheme and allow the consumer to choose between remedies that are grossly disproportionate in value. When an arbitrator "fails to follow the statutory standards, the award should be vacated for exceeding the legislative grant of authority". *(Motor Vehicle Mfrs. Assn. v State of New York, supra,* 75 NY2d, at 186.)

There are two answers to respondent's argument that it is not "fair * * * to replace [his] new lemon car with a used

car." First of all, while an arbitration award will not ordinarily be overturned merely because the arbitrator committed an error of law (8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7511.17a), and, "short of 'complete irrationality' ", as the dissent notes, arbitrators " 'may fashion the law to fit the facts before them' " *(Lentine v Fundaro,* 29 NY2d 382, 386), under the Lemon Law Arbitration Program regulations, "the arbitrator is limited to awarding one of [the] two remedies" prescribed by the statute *(Motor Vehicle Mfrs. Assn. v State of New York, supra,* 75 NY2d, at 186; 13 NYCRR 300.17 [b]). To the extent that the result may be considered unfair, the remedy lies in legislative enactment, not judicial pronouncement. Even more important, however, is the fact that respondent did not have to accept a used car; he could have chosen the refund option instead. Nor may the award of a new car be justified as compensation to respondent for the harassment, inconvenience, wasted time and anguish to which he was allegedly subjected. Consequential loss is not recoverable under the lemon law. *(Motor Vehicle Mfrs. Assn. v State of New York,* 146 AD2d 212, 218, *affd* 75 NY2d 175.)

Respondent states in his opposition papers that at the hearing the arbitrator advised both him and petitioner that a replacement vehicle meant a new 1987 Volvo.* Since the arbitrator lacked the power to grant such relief, which was so disparate to the alternative remedy and undoubtedly dictated the choice made, we remand the proceeding to the arbitrator to render an award not inconsistent herewith and to allow respondent, if he so chooses, to change his preferred remedy.

Accordingly, the judgment of the Supreme Court, New York County (Bruce McM. Wright, J.), entered October 13, 1988, which, *inter alia,* denied the petition to vacate the arbitration award, should be modified, on the law, to the extent of vacating the award of a 1987 Volvo GLE automobile and remanding the matter to the arbitrator to render an award not inconsistent herewith and, except as thus modified, af-

---

* In his request for arbitration, respondent elected a full refund as his preferred remedy. He apparently amended the request for arbitration form at the hearing to change his choice of remedy. While Volvo argued before the IAS court that respondent failed to comply with the regulation requiring the consumer to "advise the Administrator [the American Arbitration Association] in writing of [such] a change," prior to the rendition of the arbitrator's decision (13 NYCRR 300.5 [c]), respondent's amendment of the request for arbitration form before the arbitrator can be deemed the requisite notice to the Administrator.

firmed, without costs or disbursements. The appeal from the judgment of the same court and Justice, dated May 16, 1988, vacated by the judgment of October 13, 1988, should be dismissed as academic, without costs or disbursements.

KUPFERMAN, J. (dissenting). In upholding the New Car Lemon Law (General Business Law § 198-a) against a challenge to the arbitration provision, the Court of Appeals, per Simons, J., stated that the arbitrators "are required to follow a specific procedure outlined in the statute and regulations to resolve fact-specific disputes and grant one of only two types of specific relief. Inasmuch as compulsory arbitration is involved, judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and supported by adequate evidence in the record". *(Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175, 186.)

The two remedies are "acceptance of a replacement vehicle of comparable quality or a refund of the full purchase price, plus certain fees and charges." *(Motor Vehicle Mfrs. Assn. v State of New York, supra,* at 186.)

To emphasize that the purchaser of a "lemon" should be made whole, the Court of Appeals, per Bellacosa, J., determined that a deductible imposed against the cost of covered warranty repairs was illegal under the lemon law. *(Matter of State of New York [Abrams] v Ford Motor Co.,* 74 NY2d 495; *see,* discussion in *Court of Appeals Roundup,* NYLJ, Dec. 29, 1989, at 7, col 1.)

An arbitrator, within the realm of the submission, " 'may fashion the law to fit the facts' ". *(Lentine v Fundaro,* 29 NY2d 382, 386.)

Here, the respondent purchased a new automobile in 1985. It needs no delineation to realize the pain and suffering that one experiences with a car that is a lemon. The fact that when relief was finally obtained the car had over 40,000 miles on it, does not mean that the arbitrator was limited in the result to be imposed. Respondent could very well be entitled to a new car currently, rather than retroactively. There is no strong public policy to the contrary, and the arbitrator's determination should be sustained. *(See, Hunter v Glenwood Mgt.,* 156 AD2d 310.)

CARRO and ROSENBERGER, JJ., concur with SULLIVAN, J.; MURPHY, P. J., and KUPFERMAN, J., dissent in an opinion by KUPFERMAN, J.

Judgment, Supreme Court, New York County, entered on

October 13, 1988, modified, on the law, to the extent of vacating the award of a 1987 Volvo GLE automobile and remanding the matter to the arbitrator to render an award not inconsistent with the opinion of this court filed herein, and, except as so modified, affirmed, without costs and without disbursements. Appeal from judgment of said court entered on or about May 16, 1988 (vacated by the aforesaid judgment), is dismissed as academic.