Robert W. SURLES, Plaintiff,

v.

AIR FRANCE, Defendant.

No. 00 CIV. 5004RMBFM.

United States District Court,
S.D. New York.

July 24, 2002.

Vladeck, Waldman, Elias & Engelhard, P.C., New York City, for Plaintiff.

Thelen Reid & Priest LLP, New York City, for Defendant.

## DECISION AND ORDER

BERMAN, District Judge.

### I. Background

On July 7, 2000, Plaintiff Robert Surles ("Plaintiff" or "Surles") filed a complaint against Société Air France ("Defendant" or "Air France"), a France-based corporation with offices in New York City, alleging employment discrimination based on Plaintiff's age and national origin (American). During discovery, United States Magistrate Judge Frank Maas issued an Order on July 17, 2001 ("July Order"), denying Defendant's request to compel Plaintiff to produce the addresses and telephone numbers of two beneficiaries of his 401(k) account. This Court affirmed the July Order. *Surles v. Air France,* No. 00 Civ. 5004, 2001 WL 1142231, at *1–2 (S.D.N.Y. Sept. 27, 2001); *see also* July Order at 8–11. On October 29, 2001, Defendant renewed its discovery request to Judge Maas, citing "additional compelling evidence." Letter from Charles Kaplan to Judge Maas of 10/29/01, at 1. In an Order dated November 2, 2001 ("November Order"), Judge Maas again denied Defendant's request, determining that the discovery requested was "wholly collateral. . . . [and] wholly speculative." November Order at 1–2. On November 20, 2001, Defendant filed Objections to Judge Maas's November Order ("Def.'s Objs.") essentially seeking (for a fourth time) to compel Plaintiff to produce the addresses and telephone numbers of the two 401(k) beneficiaries. In response, Plaintiff asks the Court to affirm the November Order and award "attorney's fees and costs for Air France's unreasonable and vexatious multiplication of these proceedings," referring to this Court's Order dated March 16, 2001, advising counsel to "take a good look at Rules 1 and 11 and have a heart to heart talk with their clients as to whether all this rhetoric, correspondence, etc. is cost effective, much less necessary." [1] Letter from Anne Vladeck to the Court of 11/26/01, at 2 ("Pl.'s Response"). **For the reasons set forth below, Judge Maas's Order is affirmed.**

### II. Standard of Review

When considering objections to an order issued by a magistrate judge concerning a nondispositive matter, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A)(2002); *Thompson v. Keane,* No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). An order is "clearly erroneous" only when " 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Thompson,* 1996 WL 229887, at *1 (citations omitted); *see Siao–Pao v. George,* No. 92 Civ. 5376, 1992 WL 236184, at *2 (S.D.N.Y. Sept. 10, 1992). An order is "contrary to law" when it " 'fails to apply or misapplies relevant statutes, case law or rules of procedure.' " *Thompson,* 1996 WL 229887, at *1 (quoting *Securities and Exchange Comm'n v. Thrasher,* No. 90 Civ. 5376, 1995 WL 456402, at *12 (S.D.N.Y. Aug. 2, 1995)). **A magistrate judge's resolution of discovery disputes deserves substantial deference.** *Weiss v. La Suisse,* 161 F.Supp.2d 305, 321 (S.D.N.Y.2001) (emphasis added).

### III. Analysis

Having (again) reviewed the record herein including, among other things, the

---

1. Regretfully, this was not the first time the Court directed counsel in this case to review Rule 11. *See* Order dated March 13, 2001.

Order dated November 2, 2001, the parties' submissions, as well as relevant legal authorities, the Court concludes that Judge Maas's November Order was neither clearly erroneous nor contrary to law. *See, e.g., Bowman Dairy Co. v. United States,* 341 U.S. 214, 221, 71 S.Ct. 675, 95 L.Ed. 879 (1951); *Lyeth v. Chrysler Corp.,* 929 F.2d 891, 899 (2d Cir.1991).

While Air France suggests Judge Maas "ignor[ed] the Notes of the Advisory Committee on Rules concerning the recent amendments to [Fed.R.Civ.P.] 26(b)(1)," Def.'s Objs. at 4, apparently, Air France itself overlooked the very next sentence which states, "In each instance, the determination whether such information is discoverable ... depends on the circumstances of the pending action." Fed. R.Civ.P. 26(b)(1) advisory committee's notes (2000). The amendments to Rule 26(b)(1) "were intended to focus the attention of both the parties and the Court on the actual claims and defenses involved in a suit." July Order at 10 (citing Fed. R.Civ.P. 26(b)(1) advisory committee's notes (2000)).

Air France's surmise that the two 401(k) beneficiaries "would most likely have knowledge of Plaintiff's failure to mitigate his damages and off-the-books earnings," Def.'s Objs. at 4., is "wholly speculative" and irrelevant. November Order at 2. With respect to cases cited by Defendant (*Alden v. Time Warner, Inc,* 94 Civ. 6109, 1995 WL 679238 (S.D.N.Y. Nov. 15, 1995) and *EEOC v. Danka Indus., Inc.,* 990 F.Supp. 1138 (E.D.Mo.1997)), Plaintiff voluntarily withdrew "any claims for damages arising out of emotional distress, mental anguish, or humiliation." Scheduling Order dated August 17, 2001 at ¶ 4.

Because Plaintiff has not submitted a separate motion, the Court declines to rule **at this time** on Plaintiff's request for reasonable attorney's fees and costs. *See Nu-*

*wesra v. Merrill Lynch, Fenner & Smith, Inc.,* 174 F.3d 87, 94–95 (2d Cir.1999); *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1323, 1328 (2d Cir.1995).

## IV. Conclusion and Order

For the reasons contained herein, the Court affirms Judge Maas's Order.