**Erma Jeanine BUCKLEY, Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION, Defendant–Appellee.**

**Docket No. 02–7095.**

United States Court of Appeals, Second Circuit.

Jan. 6, 2003.

Erma Jeanine Buckley, pro se, New York, NY, for Appellant.

Thomas M. Kelly, Tansey, Fanning, Haggerty, Kelly, Convery & Tracy, Woodbridge, NJ, for Appellee.

Present MESKILL, SACK and KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the

district court be, and it hereby is, AFFIRMED in part, and VACATED and REMANDED in part.

Plaintiff-appellant Erma Buckley, *pro se* and proceeding *in forma pauperis,* filed a products liability and personal injury action in New York state court alleging that a defect in the left rear axle of her car caused her 1996 Chevrolet Blazer to leave the road and roll over. General Motors Corporation ("GM") removed the case to federal court on the ground of diversity jurisdiction.

During discovery, GM moved *in limine* to exclude Buckley's expert, mechanic J.R. Hulse, arguing that his testimony would not meet the standard for expert testimony required under *Daubert v. Merrell Pharm.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). At a hearing held on that motion, the district court, concluding that Hulse's testimony lacked a sufficiently reliable foundation, excluded the testimony and *sua sponte* granted summary judgment for GM explaining that "there is no expert testimony that supports causation." *Buckley v. General Motors Corp.,* 98 Civ. 4366, slip op. at *1 (S.D.N.Y. Nov. 15, 2001).

Before summary judgment may be entered against a party who is proceeding *pro se,* the litigant is entitled to specific notice of the consequences of failing to respond to a summary judgment motion and an explanation of what documents must be filed in order to oppose the motion. *Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 620–21 (2d Cir.1999). Failure to provide a *pro se* litigant with adequate notice before the entry of summary judgment against her will be grounds for reversal. *Sawyer v. Am. Fed'n of Gov't Employees,* 180 F.3d 31, 34–35 (2d Cir. 1999) (collecting cases).

There is no indication on the record before us that Buckley received the notice to which she was entitled. Buckley's statements, both here and in the district court, indicate that she understood neither the nature and consequences of summary judgment, nor that she was entitled to oppose the entry of summary judgment against her. At oral argument, counsel for GM represented to this Court that Buckley had indeed been apprised of her rights regarding summary judgment. Counsel agreed to produce transcripts of a colloquy, not previously included in the records of this case, at which Buckley was allegedly given such notice. Counsel has produced a transcript, but there is no record of Buckley receiving notice of her rights regarding summary judgment. In light of GM's failure to produce any evidence that Buckley received the notice to which she was entitled, and without any other indication that Buckley was adequately informed of her right to oppose summary judgment, we are constrained to vacate the district court's entry of summary judgment and to remand the case in order that Buckley may be afforded the opportunity to oppose summary judgment. *Vital,* 168 F.3d at 620–21.

While we make no comment as to whether Buckley will ultimately be able to allege facts sufficient to defeat summary judgment, we note our doubt that Buckley's lack of expert testimony in support of her theory of causation is sufficient to justify the grant of summary judgment to appellee. It would appear that New York law does not require expert witnesses to prove causation in a products liability action, but permits proximate causation to be established solely on the basis of the jury's "consideration of the characteristics of the [product] and plaintiff's description of how the accident happened." *Voss v. Black & Decker Mfg. Co.,* 59 N.Y.2d 102, 110, 450 N.E.2d 204, 209, 463 N.Y.S.2d 398, 403 (1983); *accord Jarvis v. Ford Motor Co.,* 283 F.3d 33, 46–47 (2d Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 539, 154 L.Ed.2d 427 (2002).

Buckley has also appealed from the district court's refusal to reopen discovery and to expand the scope of her discovery request. We conclude that the district court's denial of Buckley's discovery request was entirely within its discretion and its decision on this point is therefore affirmed. *Lyeth v. Chrysler Corp.*, 929 F.2d 891, 898 (2d Cir.1991).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part, and VACATED and REMANDED in part to afford the plaintiff notice and an opportunity to respond before the entry of summary judgment against her.