■ ALBERT SINGLETARY, Appellant, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR 7511 to vacate a master arbitration award dated February 5, 1986, which affirmed an arbitration award dated October 17, 1985, denying the petitioner's claim for lost earnings, the petitioner appeals from a judgment of the Supreme Court, Kings County (Jordan, J.), dated November 28, 1986, which denied the petition to vacate and confirmed the award.

Ordered that the judgment is affirmed, with costs.

The petitioner contends that both the arbitrator's and the master arbitrator's awards herein denying his claim for lost wages were imperfectly executed and irrational. He argues, in essence, that the arbitrator's discussion of an agreed amount for lost wages and interest presumes that the arbitrator intended to make an award of lost wages and that the subsequent denial of his claim in its entirety was thus irrational. The petitioner also contends that the master arbitrator's refusal to address one of the issues, which he apparently thought had been resolved prior to arbitration, rendered that award incomplete. We conclude to the contrary.

It is well settled that an arbitrator is not required to justify his award. It must merely appear that there exists a rational basis for the award upon a reading of the record *(Dahn v Luchs,* 92 AD2d 537). Here, the respondent produced a report of a medical examination performed approximately 6½ months after the accident which recommended that the petitioner return to work. Thus, the denial of petitioner's claim in its entirety had a rational basis and completely disposed of the matter.

Finally, we would point out that the master arbitrator's decision not to examine an issue is not reviewable and does not nullify the award *(see, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341; *Matter of Raisler Corp. [New York City Hous. Auth.],* 32 NY2d 274; *Matter of Guetta [Raxon Fabrics Corp.],* 123 AD2d 40). Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.