■ In the Matter of ELAINE HOWARD, Appellant, v CIGNA INSURANCE COMPANY, Respondent. [597 NYS2d 730] —In a proceeding pursuant to CPLR 7511 to vacate a master arbitration award dated October 19, 1990, affirming an arbitration award that denied the petitioner's no-fault claim for housekeeping expenses incurred as a result of an automobile accident, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Vinik, J.), dated April 29, 1991, which denied her petition to vacate the award, and granted the respondent's cross application to confirm the award.

Ordered that the order and judgment is affirmed, with costs.

The respondent insurer denied the petitioner insured's claim for no-fault benefits because a bill for housekeeping expenses was not presented within 180 days after the services were rendered. The insured then sought arbitration. The arbitrator held that even if the 180-day rule was inapplicable to the insured's claim, the claim would be denied on the grounds that the insured failed to prove the need for the services, and the insured failed to submit the claim until almost three years after services had ceased, which was prejudicial to the insurer. That determination was affirmed by the master arbitrator.

The insured contends that the arbitrator exceeded his power by addressing the issues of need and prejudice, and that the arbitrator had only the power to address the 180-day rule as set forth in the denial of claim. We conclude to the contrary.

It is well-settled that an arbitrator is not required to justify his or her award. It must merely appear that there exists a rational basis for the award *(see, Singletary v Government Empls. Ins. Co.,* 139 AD2d 723). In *Matter of Panton v Allstate Ins. Co.* (173 AD2d 831) the insured sought no-fault benefits for expenses incurred more than five years prior to the filing of the claim. The court ruled that the arbitrator's refusal to grant the claim, on the ground that the insurer would be unable to verify the claim because of the delay, was not irrational or contrary to public policy. So too here, the arbitrator's findings were not so irrational as to require vacatur. Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.