■ In the Matter of HERBERT L. LEVY, Appellant, v NEW YORK STATE WORKERS' COMPENSATION BOARD, Respondent. [738 NYS2d 377] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Mason, J.), dated November 3, 2000, as denied the petition and confirmed the award.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The arbitrator found that the behavior of the petitioner, an Administrative Law Judge for the Workers' Compensation Board (hereinafter the WCB), toward an attorney at a WCB hearing, violated the WCB's policy and the Code of Judicial Conduct for Administrative Law Judges (*see, Singletary v Government Empls. Ins. Co.,* 139 AD2d 723; *Block v St. Paul Fire & Mar. Ins. Co.,* 137 AD2d 475; *Dahan v Luchs,* 92 AD2d

537). The arbitrator's award is neither irrational, violative of a strong public policy, nor in excess of the arbitrator's authority so as to require vacatur (*see*, CPLR 7511; *Matter of County of Orange v Civil Serv. Employees' Assn.*, 266 AD2d 212; *Matter of Howard v Cigna Ins. Co.*, 193 AD2d 745, 746; *Murphy v Wack*, 177 AD2d 382, 383).

Consideration of other instances of misconduct in the petitioner's employment record does not provide grounds for vacatur (*see*, *Block v St. Paul Fire & Mar. Ins. Co.*, *supra*; *Dahan v Luchs*, *supra*). Pursuant to the terms of the parties' collective bargaining agreement, the arbitrator properly considered the petitioner's entire record of employment in determining a penalty. Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.