Matter of Lewis v New York City Tr. Auth. (2020 NY Slip Op 02789)





Matter of Lewis v New York City Tr. Auth.


2020 NY Slip Op 02789


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-13652
 (Index No. 507127/18)

[*1]In the Matter of Maurice G. Lewis, appellant,
v
New York City Transit Authority, respondent.


Maurice G. Lewis, Valley Stream, NY, appellant pro se.
David I. Farber, Brooklyn, NY (Byron Z. Zinonos of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to modify or vacate an arbitration award dated January 8, 2018, the petitioner appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated June 15, 2018. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 75 to modify or vacate an arbitration award. The award determined that the petitioner, a bus driver employed by the New York City Transit Authority, be suspended for 15 days without pay as a result of an accident which occurred between a bus he was operating during the course of his employment and a motorized bicycle. The Supreme Court denied the petition and dismissed the proceeding.
Where, as here, an arbitration award was rendered after a consensual arbitration process pursuant to the terms of a collective bargaining agreement, the award may not be vacated on the ground that the arbitrator exceeded his or her power unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation of the arbitrator's power (see CPLR 7511[b]; Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336). Here, the petitioner has not demonstrated that the subject award violates this standard, or that any other grounds for vacatur stated in CPLR 7511(b) apply.
The penalty of temporary suspension was also not irrational, and did not violate any strong public policy or clearly exceed an enumerated limitation on the arbitrator's power (see CPLR 7511[b]; Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 9; Matter of Ross v New York City Metro. Tr. Auth., 174 AD3d 627, 628).
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court