Matter of Henry v New York State Workers' Compensation Bd. (2024 NY Slip Op 04463)

Matter of Henry v New York State Workers' Compensation Bd.

2024 NY Slip Op 04463

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-09028
 (Index No. 506420/20)

[*1]In the Matter of Josseth Henry, appellant, 
v
New York State Workers' Compensation Board, respondent.

Kousoulas & Associates, P.C., New York, NY (Antonia Kousoulas of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate or modify an arbitration award dated December 17, 2019, the petitioner appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated October 13, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, an employee of the respondent, New York State Workers' Compensation Board, commenced this proceeding pursuant to CPLR article 75 to vacate or modify an arbitration award denying her grievance challenging eight charges of misconduct and insubordination that had been filed against her and finding that the penalty of termination was proper. In a judgment dated October 13, 2020, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Judicial review of arbitration awards is extremely limited" (Matter of Barella v State of New York Off. of Mental Health, 175 AD3d 495, 496, citing Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). "Where, as here, an arbitration award was rendered after a consensual arbitration process pursuant to the terms of a collective bargaining agreement, the award may not be vacated on the ground that the arbitrator exceeded his or her power unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation of the arbitrator's power" (Matter of Lewis v New York City Tr. Auth., 183 AD3d 738; see CPLR 7511[b][1][iii]; Barella v State of New York Off. of Mental Health, 175 AD3d at 496).
Here, the petitioner failed to demonstrate that the arbitration award violated a strong public policy, was irrational, or clearly exceeded a specifically enumerated limitation of the arbitrator's power (see CPLR 7511[b]; Matter of Lewis v New York City Tr. Auth., 183 AD3d at 738; Matter of Ross v New York City Metro. Tr. Auth., 174 AD3d 627, 628; Matter of Transit Workers Union, Local 100 v New York City Tr. Auth., 152 AD3d 530, 531). Moreover, contrary to the petitioner's contention, the arbitrator properly considered the petitioner's entire record of employment in determining a penalty (see Matter of Levy v New York State Workers' Compensation [*2]Bd., 292 AD2d 388, 389), and the penalty of termination was not so disproportionate to the offenses charged as to be shocking to one's sense of fairness (see Matter of Russo v New York City Dept. of Educ., 25 NY3d 946, 948; Matter of Weinstein v New York State Workers' Compensation Bd., 135 AD3d 948, 949).
The petitioner waived her contention that the arbitrator was not impartial by failing to raise this contention upon becoming aware of the basis for the alleged bias or partiality and thereafter continuing to participate in the proceeding (see Matter of Piller v Schwimmer, 135 AD3d 766, 768; Matter of Atlantic Purch., Inc. v Airport Props. II, LLC, 77 AD3d 824, 825).
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court